MEMORANDUM OPINION



No. 04-03-00118-CV



Geoffrey Hall ANDERSON,


Appellant



v.



Meredith ANDERSON,


Appellee



From the 189th Judicial District Court, Harris County, Texas


Trial Court No. 2000-54913


Honorable Putnam K. Reiter, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: May 7, 2003


DISMISSED

 Appellant, Geoffrey Anderson, filed a pro se notice of appeal on December 13, 2002. On
March 25, 2003, after receiving notice from the trial court clerk that appellant was not entitled to
appeal without paying the clerk's fee for preparing the record, we ordered appellant to provide
written proof to this court by April 14, 2003, that an affidavit of indigence in compliance with Rule
20.1 of the Texas Rules of Appellate Procedure had been properly filed in the trial court.
Alternatively, we ordered that if an affidavit of indigence was not properly filed, appellant was to
provide written proof that the clerk's fee had been paid or arrangements had been made to pay the
clerk's fee. 

 On April 14, 2003, appellant filed a "Notice of Appeal" and "Petition for Writ of Mandamus"
addressed to the Supreme Court of Texas. Reading these pleadings liberally, we understand that
appellant claims he is indigent and seeks relief from having to pay the clerk's record fee. An affidavit
of indigence sworn to on April 4, 2003, is attached to appellant's "Petition for Writ of Mandamus."
We construe appellant's petition for writ of mandamus as a motion for reconsideration of our prior
order. 

 The Texas Rules of Appellate Procedure provide that a party may proceed on appeal without
advance payment of appellate costs if the party files an affidavit of indigence in compliance with Rule
20.1. See Tex. R App. P. 20.1(a). In a regular appeal, Rule 20.1(c)(1) requires the appellant to file
an affidavit of indigence with or before the notice of appeal. 

 As noted, appellant's affidavit of indigence was sworn to on April 4, 2003. There is nothing
on the affidavit to reflect that it was filed either with or before his notice of appeal was filed on
December 13, 2002. Therefore, appellant's affidavit was not properly filed and appellant is
responsible for paying for clerk's record fee. Appellant has not provided this court with written proof
that he has paid the clerk's fee or made arrangements to pay the clerk's fee. Therefore, we dismiss
this appeal for want of prosecution. See Tex. R. App. P. 37.3(b). Costs of appeal, if any, are taxed
against appellant, Geoffrey Hall Anderson.

 PER CURIAM